

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-75,105-02

### EX PARTE RANDALL WAYNE MAYS, Applicant

### ON APPLICATION FOR WRIT OF HABEAS CORPUS
### CAUSE NO. B-15,717 IN THE 392ND JUDICIAL DISTRICT COURT
### HENDERSON COUNTY

**KELLER, P.J., filed a dissenting opinion in which SLAUGHTER, J., joined.**

The Court imposes the wrong remedy when it grants relief on Applicant's intellectual-disability claim without having allowed that claim to be tested in an adversarial trial before a jury. This remedy conflicts with the legislative decision to require a jury trial in death-penalty cases.

Article 1.13 makes clear that a jury trial *cannot be waived* in a death-penalty case:

> The defendant in a criminal prosecution for any offense *other than a capital felony case in which the state notifies the court and the defendant that it will seek the death penalty* shall have the right, upon entering a plea, to waive the right of trial by jury. . . .[1]

This reflects a legislative determination that all factual issues bearing on the imposition of the death

---

[1] TEX. CODE CRIM. PROC. art. 1.13(a).

penalty are to be decided by a jury. Logically, that includes the question of intellectual disability.

Under *Atkins v. Virginia*, intellectual disability is a defensive issue that, if raised and proven, prevents the imposition of the death penalty.[2] "*Atkins* and its progeny did not hold that an intellectual-disability determination was something other than a sentencing issue."[3] We have likened the issue to an "affirmative defense" that can be litigated at the punishment stage of trial and must be proven by a preponderance of the evidence.[4] A jury finding against a defendant on intellectual disability can be reviewed for factual sufficiency on appeal.[5] In conducting such a review, we are required to give "great deference" to the jury's finding and determine whether the finding is "so against the great weight and preponderance of the evidence so as to be manifestly unjust."[6]

But there has been no jury finding here. Despite the fact that *Atkins* was decided well before Applicant's trial, he did not seek a jury determination of intellectual disability. Although the standards for determining intellectual disability may have changed enough to justify Applicant's tardy raising of the claim, that does not mean we should bypass a jury now. In fact, bypassing a jury on a death-penalty sentencing issue conflicts with the legislature's imposition of an *unwaivable* requirement that a jury decide whether the death penalty should be imposed. Consequently, the proper remedy is to remand for a new punishment hearing at which the intellectual disability issue can be decided.

---

[2] *See Atkins v. Virginia*, 536 U.S. 304 (2002).

[3] *Petetan v. State*, 622 S.W.3d 321, 334 (Tex. Crim. App. 2021).

[4] *Gallo v. State*, 239 S.W.3d 757, 770 (Tex. Crim. App. 2007).

[5] *Williams v. State*, 270 S.W.3d 112, 115 (Tex. Crim. App. 2008).

[6] *Id.*

Because the Court reforms the sentence to life instead of remanding for a jury to consider the issue of intellectual disability, I respectfully dissent.

Filed: March 27, 2024

Publish